**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RICHARD EMERSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-560-RLB** |
| **COMMISSIONER OF SOCIAL SECURITY** | **CONSENT** |

**ORDER**

Before the Court is the Plaintiff's Counsel's Unopposed Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA"). (R. Doc. 31). The Commissioner did not file a Response and does not oppose this Motion. (R. Doc. 31 at 2).

## I. Procedural History

On June 25, 2025, Richard Emerson ("Plaintiff") filed a Complaint in this case, appealing a final administrative decision denying Plaintiff's social security claim. (R. Doc. 1). On May 29, 2026, the Commissioner moved to voluntarily reverse and remand the case back to the Social Security Administration. (R. Doc. 28). The Court granted the Motion to Remand, remanding the case for further administrative proceedings on June 2, 2026. (R. Doc. 29).

In the instant Motion, Plaintiff seeks an attorney fees award of $6,085.00 for 32.6 hours of attorney hours at a $175.00 rate and for 3.8 hours of paralegal work at a $100.00 rate. (R. Doc. 31 at 2; 31-1). The Commissioner did not file a Response. However, Plaintiff asserted that opposing counsel "has no objection to the filing of this motion or the amount." (R. Doc. 31 at 2).

## II. Law and Analysis

The EAJA provides that a court shall award attorney fees and costs to a prevailing party in a civil action brought against the United States. *See* 28 U.S.C. § 2412. Attorney fees shall be awarded to a prevailing party "unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)

(1)(A). No party disputes that Plaintiff is the prevailing party who filed a timely application for fees. The parties further do not dispute that Plaintiff is entitled to an award of fees under the EAJA, nor does any party dispute the number of hours for which Plaintiff is claiming compensation or the hourly rate sought.

The Court has reviewed the time accounting documents submitted in support and agrees that 32.6 hours of attorney time is a reasonable amount of time and $175.00 is a reasonable hourly rate. (R. Docs. 31; 31-1); *see Gann v. Colvin*, No. 14-189, 2017 WL 385038, at *3 (M.D. La. Jan. 1, 2017) (approved hourly attorney rate of up to $175.00 per hour); *see also Rhodus v. Berryhill*, No. 17-545, 2019 WL 2897692 (M.D. La. July 5, 2019) (same); *see also Richthofen v. Berryhill*, No. CV 16-16020, 2019 WL 2079840, at *1 (E.D. La. Jan. 28, 2019), r*eport and recommendation adopted*, No. CV 16-16020, 2019 WL 2076588 (E.D. La. May 10, 2019) (collecting cases) ("[I]n recent years, courts in this district have regularly awarded attorney fees in Social Security appeals at an hourly rate of $175."); *see also Darby v. Saul*, No. 1:17-CV-00032-C, 2019 WL 6791009, at *6 (N.D. Tex. Nov. 27, 2019), *report and recommendation adopted sub nom. Kimberly Kathryn D. v. Saul*, No. 1:17-CV-032-C-BU, 2019 WL 6790397 (N.D. Tex. Dec. 12, 2019) (notes 30 to 40 hours is typical hour range for non-complex social security appeals); *see also Johnson v. Comm'r of Soc. Sec.*, No. CV 22-180-SDJ, 2024 WL 1156529, at *2 (M.D. La. Mar. 18, 2024) ("The Court has reviewed the time/cost accounting documents submitted in support of the Motion and agrees that 30.3 hours of attorney time and 6.4 hours of paralegal time are reasonable amounts of time[.]"); *see also Mesecher v. Berryhill*, No. 4:15-CV-0859-BL, 2017 WL 4417682, at *2 (N.D. Tex. Oct. 3, 2017) (quotations and citations omitted) ("typical fee [claim is] between thirty and forty hours for attorney work").

This Court thus finds fees and costs may be awarded to Plaintiff. Although he assigned his award to his attorney, the fees are to be paid directly to Plaintiff. (R. Doc. 31-2); *see Astrue v.*

*Ratliff*, 560 U.S. 586, 589 (2010) ("§ 2412(d) fees award is payable to the litigant" not to their attorney.); *see also Craig v. Colvin*, No. CV 15-583-JJB-EWD, 2016 WL 4689044, at *3 (M.D. La. Sept. 6, 2016) ("§ 2412(d) fees award can only be paid to a litigant and not to the litigant's attorney even when a plaintiff assigns his EAJA award to the attorney."); s*ee also Morris v. Colvin*, No. CIV.A. 13-66-SCR, 2014 WL 2600076, at *1 (M.D. La. June 10, 2014) (despite reviewing a plaintiff's "affidavit, in which he also purport[ed] to assign his fee recovery to his attorney, and an affidavit from his attorney itemizing the time spent on the case[,]"court noted EAJA fee awards must be awarded to plaintiff). The award may be mailed to his counsel.

## III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Counsel's Unopposed Motion for Attorney Fees under the Equal Access to Justice Act (R. Doc. 31) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Commissioner of the Social Security Administration remit to Plaintiff's counsel a check made payable to "Richard Emerson" for attorney's fees in the amount of $6,085.00 pursuant to the Equal Access to Justice Act. The check may be mailed to Plaintiff's counsel. Full or partial remittance of the awarded fee is contingent upon a determination by the Commissioner that Plaintiff does not owe any qualifying, pre-existing debt(s) to the Government. The Commissioner will reduce the awarded attorney fees in this Order to the extent necessary to satisfy such debt(s) and forward the remainder of the award, as set forth herein.

Signed in Baton Rouge, Louisiana, on November 5, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**